An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST LIGHT HOMEOWNERS
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION, FOR ITSELF
AND FOR ALL OTHERS SIMILARLY
SITUATED,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ALLAN R. EARL, DISTRICT JUDGE,
Respondents,
and
D.R. HORTON, INC., A DELAWARE
CORPORATION,
Real Party in Interest.

No. 61985

**FILED**

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order determining that petitioner failed to meet NRCP 23's class action prerequisites to litigate claims for construction defects on behalf of its members.

After this court issued its opinion in *D.R. Horton, Inc. v. Eighth Judicial District Court (First Light II)*, 125 Nev. 449, 215 P.3d 697 (2009), the district court held an evidentiary hearing to determine whether petitioner met NRCP 23's class action prerequisites to litigate claims for construction defects on behalf of its members. The district court issued an order on June 14, 2012, finding that, based on the language in

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28043

this court's *First Light II* opinion, petitioner did not satisfy its burden under a rigorous NRCP 23 class-action analysis and that petitioner did not have standing to represent two or more homeowners in the homeowners' association for purposes of the litigation. Petitioner then filed the instant petition for writ of mandamus on October 29, 2012.

While petitioner's writ petition was pending, this court issued an opinion in which we reaffirmed and clarified *First Light II*. Specifically, in *Beazer Homes Holding Corp. v. Eighth Judicial District Court*, 128 Nev. ___, 291 P.3d 128 (2012), we reaffirmed that a district court, upon request, must conduct an NRCP 23 analysis to determine whether litigation by class action is the superior method of adjudicating homeowners' construction defect claims. 128 Nev. at ___, 291 P.3d at 135. We also clarified, however, that a failure to satisfy NRCP 23's class action prerequisites does not strip a homeowners' association of its ability to litigate on behalf of its members under NRS 116.3102(1)(d). *Id.* at ___, 291 P.3d at 134-35.

We therefore conclude that partial relief is appropriate insofar as petitioner asks this court to order the district court to reconsider its order finding that petitioner does not have standing to represent two or more homeowners in this litigation in light of this court's opinion in *Beazer Homes*. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station . . . ."); *see* NRS 34.160. Accordingly, we grant petitioner's writ petition in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to grant rehearing

and reconsider its June 14, 2012, order in light of this court's opinion in *Beazer Homes*.

It is so ORDERED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Allan R. Earl, District Judge
      James R. Christensen
      Maddox, Isaacson & Cisneros, LLP
      Robert C. Maddox & Associates/Reno
      Wolfenzon Rolle/Las Vegas
      Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
      McDonald Carano Wilson LLP/Las Vegas
      McDonald Carano Wilson LLP/Reno
      Eighth District Court Clerk

---

[1]We have considered petitioner's other arguments in this writ proceeding and conclude that petitioner has not demonstrated that our extraordinary intervention is otherwise warranted, and thus, we deny the petition to the extent that it seeks additional relief.